IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| KEI & CHRIS LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 1:24-cv-12680<br><br>Judge: Honorable Jorge L. Alonso<br><br>Magistrate Judge: Honorable Jeannice W. Appenteng |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION, A TEMPORARY ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

Plaintiff KEI & CHRIS LLC ("Plaintiff") submits this Memorandum in support of its *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO"), including a temporary injunction, a temporary asset restraint, and expedited discovery (the "Ex Parte Motion").

**TABLE OF CONTENTS**

**I. INTRODUCTION AND SUMMARY OF ARGUMENTS** ...................................................3

**II. STATEMENTS OF FACTS** ..............................................................................................3

    A. Plaintiff's Copyrighted Work..........................................................................................3

    B. Defendant's Unlawful Activities.....................................................................................4

**III. ARGUMENT** ......................................................................................................................5

    A. Standard for Temporary Restraining Order and Preliminary Injunction .............................6

    B. Plaintiff Will Likely Succeed on the Merits...................................................................7

    C. There Is No Adequate Remedy at Law, and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief..................................................................................8

    D. The Balancing of Harms Tips in Plaintiff's Favor, and the Public Interest Is Served by Entry of the Injunction ...................................................................................................10

**IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE** ..........................................10

    A. A Temporary Restraining Order Immediately Enjoining Defendants' Unauthorized and Unlawful Use of the Copyrighted Design Is Appropriate .........................................11

    B. Preventing the Fraudulent Transfer of Assets Is Appropriate.............................................11

    C. Plaintiff is Entitled to Expedited Discovery...................................................................12

**V. CONCLUSION**..................................................................................................................13

I.  INTRODUCTION AND SUMMARY OF ARGUMENTS

Plaintiff is requesting temporary *ex parte* relief based on an action for copyright infringement against the defendants identified on Schedule A (collectively, the "Defendants"). Defendants are promoting, advertising, marketing, distributing, offering for sale, and selling products using unauthorized copies of Plaintiff's federally registered copyrighted work (the "Unauthorized Ornamental Products") through at least the fully interactive e-commerce stores operating under the seller aliases identified in Schedule A. (the "Seller Aliases").

Defendants operate a sophisticated counterfeiting scheme targeting Illinois residents by running e-commerce stores under various Seller Aliases, through which consumers in Illinois can purchase Unauthorized Ornamental Product. In addition, Defendants seek to evade liability by using these Seller Aliases to conceal their identities and the full extent of their activities. Aliases used by the defendants for their e-commerce stores are not associated with their true identities. This is because the defendants deliberately utilized these aliases to obscure their identities and the full extent of their operations. To protect both its copyrighted work and unsuspecting consumers from buying counterfeit products online, Plaintiff is compelled to take legal action. Plaintiff respectfully requests that the Court issue an *ex parte* Temporary Restraining Order to prevent further unlawful conduct by Defendants.

II. STATEMENTS OF FACTS

A.  **Plaintiff's Copyrighted Work**

Long before Defendants' acts described herein, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

██████████ Declaration of ██████████ (the "██████.") at ¶ 4.

Plaintiff has registered its ██████████████████████████████████ ████████████████████████████████████████████████████████ (the "Copyrighted Design"). Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Copyrighted Design to the public. ████ Decl. at ¶ 5.

Plaintiff has incorporated the Copyrighted Design into its own product line. Among the products ██████████████████████████████████████████████ ██████████ Design are prominently displayed. These lamps utilize the design's sophisticated symmetry, intricate patterns, and visual appeal to create a distinctive and high-quality product that resonates with consumers seeking both functionality and artistic value. The Copyrighted Design is integral to Plaintiff's brand identity, setting its products apart in the marketplace and establishing a reputation for innovation and craftsmanship.

B.   **Defendant's Unlawful Activities**

The intricate and unique nature of the copyrighted design has made it a frequent target for unauthorized copying and counterfeiting. As a result, Plaintiff consistently undertakes thorough investigations into suspicious e-commerce stores, both through proactive Internet sweeps and in response to consumer reports. These investigations have revealed numerous fully interactive e-commerce stores, including those operating under various Seller Aliases, that actively offer for sale and/or sell Unauthorized Ornamental Products. Plaintiff has never authorized the distribution and reproduction of its copyrighted pattern. ████ Decl. at ¶ 6 These counterfeit goods are readily accessible to consumers within this Judicial District and across the United States, causing harm to Plaintiff's exclusive rights and misleading consumers into purchasing unauthorized products. The

widespread and systematic infringement underscores the need for continued vigilance and enforcement to protect the integrity of the copyright design and prevent further unauthorized exploitation. ▆ Decl. at ¶¶ 7-8



## III. ARGUMENT

Defendants' deliberate, intentional, and unlawful actions are causing, and will continue to cause, significant and irreparable harm to Plaintiff's reputation, goodwill, and the value of its copyrighted design. Such harm cannot be adequately remedied through monetary damages alone, as it undermines Plaintiff's brand integrity and confuses consumers. Rule 65(b) of the Federal Rules of Civil Procedure empowers the Court to issue an *ex parte* Temporary Restraining Order (TRO) when immediate and irreparable injury, loss, or damage will occur to the applicant before the opposing party or their attorney can be heard in opposition. See Fed. R. Civ. P. 65(b). The issuance of an *ex parte* TRO is warranted and necessary here to immediately halt Defendants' continued exploitation and unlawful profiting from the Copyrighted Design. This relief will prevent further consumer confusion and irreparable harm while preserving the *status quo* until a full hearing can be held. Without such immediate intervention, Defendants will continue to benefit

from their wrongful conduct at Plaintiff's expense, further exacerbating the harm caused to Plaintiff's rights, reputation, and business interests.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the Copyright Act 17 U.S.C. § 501, et seq., 28 U.S.C. §§ 1338(a)–(b), and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. Personal jurisdiction is proper over Defendants. Defendants have structured their business to target the United States market, including Illinois, by accepting payment from and agreeing to ship Unauthorized Ornamental Products to residents of Illinois. On information and belief, Defendants have transacted business in the United States, including Illinois. *American Girl, LLC v. Zembrka*, 2024 U.S. App. LEXIS 23555, at 7-10 (2d Cir. Sept. 17, 2024).

A. **Standard for Temporary Restraining Order and Preliminary Injunction**

District Courts within this Circuit hold that the standard for granting a TRO and the standard for granting a preliminary injunction are identical. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at 1 (N.D. Ill. May 15, 2001) (citation omitted). To obtain a preliminary injunction, the moving party must establish: (1) a likelihood of success on the merits; (2) the absence of an adequate remedy at law; and (3) irreparable harm if the injunction is not granted. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

Once these threshold requirements are satisfied, the court must then balance the harm the nonmoving party would experience if the injunction is granted against the irreparable harm the moving party would face if it is denied. *Id.* Additionally, the court must assess the potential impact on the public interest when determining whether to grant or deny the requested relief. *Id.* Finally, the court weighs all these factors, acting "as would a chancellor in equity," to decide whether to issue the injunction. *Id.* (quoting *Abbott Labs. v. Mead Johnson & Co.971 F.2d 6, 11 (7th Cir. 1992)*).

B.  **Plaintiff Will Likely Succeed on the Merits**

The United States Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright." 17 U.S.C. § 501. Among these exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Ornamental Copyrighted Work to the public. 17 U.S.C. § 106.

To establish a claim for copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (internal citations omitted). Copying can be shown through direct evidence, or it can be inferred where a defendant had access to the copyrighted work and the accused work is substantially similar. *Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1102 (N.D. Ill. 2005). To determine whether there is a substantial similarity that indicates infringement, Courts use the "ordinary observer" test which asks whether "an ordinary reasonable person would conclude that the defendant unlawfully appropriated protectable expression by taking material of substance and value." *Id.* at 1105. A work may be deemed infringing if it captures the "total concept and feel of the copyrighted work." *Id.*

Plaintiff clearly meets both requirements necessary to succeed on its copyright infringement claim. First, Plaintiff is the rightful owner of a federally registered Copyrighted Design, which is protected under 17 U.S.C. § 106. Defendants, however, have willfully and deliberately reproduced the Copyrighted Design in its entirety, using the exact same intricate pattern in their own products, which they offer for sale to the public. This direct copying not only constitutes a reproduction of the design but also includes the unlawful use of the precise pattern that is protected under copyright law.

The similarity between Defendants' copies and the Copyrighted Design is not merely superficial, but substantial. The degree of similarity is such that ordinary observers would easily conclude that the Defendants have unlawfully appropriated the design. The pattern in Defendants' products retains the very essence of the original design, including its intricate details and unique elements that were carefully crafted and protected by the Plaintiff. This level of copying, particularly with regard to the complexity and sophistication of the design, reveals a blatant infringement that goes beyond minor or inconsequential overlap. In fact, Defendants have taken material of substantial value, infringing upon the exclusive rights granted to the Plaintiff under 17 U.S.C. § 106, which protects the creative expression embodied in the design.

This egregious and willful copying highlights the unlawful appropriation of the Plaintiff's intellectual property, further reinforcing the Plaintiff's claim. Given the degree of similarity, it is clear that Plaintiff has a reasonable likelihood of success on the merits of its copyright infringement claim.

**C.   There Is No Adequate Remedy at Law, and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief**

Irreparable harm resulting from copyright infringement is demonstrated when "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (citing *eBay Inc. v. MerExchange, L.L.C.*, 547 U.S. 388, 391, 393-94 (2006)); *see Liebhart v. SPX Corp.*, 998 F.3d 772, 779 (7th Cir. 2021). At this stage, Plaintiff only needs to show that irreparable harm is likely. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, Plaintiff is likely to suffer two primary forms of irreparable harm: (1) loss of customers' goodwill, and (2) reputational harm. Each of these harms, independently, constitutes irreparable harm and offers a basis on which preliminary relief should issue. *See EnVerve, Inc. v. Unger Meat Co.*, 779 F. Supp. 2d 840, 844 (N.D. Ill. 2011).

The harm to a copyright holder's property interest has been characterized as irreparable in light of possible market confusion. *Salinger v. Colting*, 607 F.3d 68, 81.(2d Cir. 2010) Here, Defendants' infringement of the Copyrighted Design by sale of unauthorized copies is likely to cause consumer confusion with the genuine Products , resulting in harm to Plaintiff's reputation and loss of customers' goodwill.

Finally, because Defendants are businesses who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions with no U.S. presence, any monetary judgement is likely uncollectable. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (reversing denial of permanent injunction where the likely availability of monetary damages was in question, citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 2:04-cv-0032, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007) where "'all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages.'") Defendants have shown a pattern of evasion by using multiple Seller Aliases to conceal their identities and operations. If a Temporary Restraining Order is not granted, Defendants are likely to shut down their current e-commerce stores, withdraw the funds generated from their infringing activities, and transfer those funds to foreign accounts, making recovery virtually impossible. This conduct would not only render any monetary judgment unenforceable but also allow Defendants to continue profiting from their unlawful activities, perpetuating the harm to Plaintiff. Immediate action is necessary to freeze Defendants' assets and prevent the dissipation of funds before they can evade accountability. The issuance of a Temporary Restraining Order is essential to preserve the *status quo* and ensure the availability of equitable relief. ▬ Decl. at ¶ ¶ 9-10

For the reasons stated above, Plaintiff will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

**D.     The Balancing of Harms Tips in Plaintiff's Favor, and the Public Interest Is Served by Entry of the Injunction**

As noted above, if the Court is satisfied that Plaintiff has demonstrated (1) a likelihood of success on the merits, (2) no adequate remedy at law, and (3) the threat of irreparable harm if preliminary relief is not granted, then it must next consider the harm that Defendants will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Plaintiff will suffer if relief is denied. The Seventh Circuit has held that public interest is served from injunctive relief, since it "preserves the integrity of the copyright laws which seek to encourage individual effort and creativity by granting valuable enforceable rights." *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 620 (7th Cir. 1982) (internal citations omitted).

As Plaintiff has demonstrated, Defendants are willful infringer who have been profiting from the sale of Unauthorized Ornamental Products. Thus, the balance of equities tips decisively in Plaintiff's favor. The public is currently under the false impression that Defendants are operating their e-commerce stores with Plaintiff's approval and endorsement. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. As such, equity requires that Defendants be ordered to cease their unlawful conduct.

**IV.     THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE**

The Copyright Act authorizes courts to issue injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

A. **A Temporary Restraining Order Immediately Enjoining Defendants' Unauthorized and Unlawful Use of the Copyrighted Design Is Appropriate**

Plaintiff requests a temporary injunction requiring the Defendants to immediately cease all copying and distribution of the Copyrighted Design on or in connection with all e-commerce stores operating under the Seller Aliases. Courts have regularly authorized injunctive relief in similar cases involving the unauthorized use of intellectual property and counterfeiting. *See, e.g., Deckers Outdoor Corp. v. P'ships, et al.*, No. 13-cv-00167, 2013 U.S. Dist. LEXIS 47248, at *24 (N.D. Ill. Mar. 27, 2013).

B. **Preventing the Fraudulent Transfer of Assets Is Appropriate**

Plaintiff requests an *ex parte* restraint of Defendants' assets so that Plaintiff's right to an equitable accounting of Defendants' profits from sales of Unauthorized Ornamental Products is not impaired.2 Issuing an *ex parte* restraint will ensure Defendants' compliance. If an asset restraint is not granted, Defendants will likely disregard their responsibilities and fraudulently transfer financial assets to overseas accounts before a restraint is ordered. On information and belief, the Defendants in this case hold most of their assets in offshore accounts, making it easy to hide or dispose of assets, which will render an accounting by Plaintiff meaningless.

"[T]he Court unquestionably has authority to freeze assets to preserve an equitable accounting of profits, a remedy provided to counterfeiting victims by 15 U.S.C. § 1117(a)." *Johnson & Johnson v. Advanced Inventory Mgmt.*, 2020 U.S. Dist. LEXIS 248831, at *8 (N.D. Ill. July 20, 2020) (internal citations omitted); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (upholding asset restraint to preserve profits remedy). Plaintiff has shown a strong likelihood of succeeding on the merits of its copyright infringement claim, and therefore Plaintiff is entitled to recover "… any profits of the infringer that are attributable to the infringement." 17 U.S.C. § 504(b). Plaintiff's Complaint seeks, among other relief, that Defendants account for and

pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts. The Court has the inherent equitable authority to grant Plaintiff's request for a prejudgment asset freeze. Plaintiff has shown a likelihood of success on the merits, an immediate and irreparable harm suffered as a result of Defendants' activities and that, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to offshore bank accounts. An asset restraint is proper.

C. **Plaintiff Is Entitled to Expedited Discovery**

Federal courts possess the authority, at their discretion, to order the discovery of facts necessary to determine their jurisdiction or ability to adjudicate the merits of a case. *Vance v. Rumsfeld*, 2007 WL 4557812, at 6 (N.D. Ill. Dec. 21, 2007). This discretionary power grants courts significant flexibility in deciding whether to allow a party's discovery request. Id. Notably, courts maintain broad control over the scope of discovery and may authorize it for specific purposes, such as identifying unknown defendants or critical evidence. *See* Fed. R. Civ. P. 26(b)(2).

Here, Plaintiff seeks expedited discovery to obtain the identities and financial account information used by Defendants in their operations. This request is narrowly tailored to address urgent circumstances and prevent further irreparable harm. Specifically, identifying and freezing these financial accounts is crucial to halting ongoing activities and mitigating damage. Courts have recognized that without such expedited discovery, measures like asset restraints may fail to achieve their intended effect. *See, e.g., Deckers Outdoor Corp.*, 2013 U.S. Dist. LEXIS 47248, at 27-29. Plaintiff's asset restraint may have little meaningful effect without corresponding expedited discovery.

## V. CONCLUSION

In view of the foregoing and consistent with previous similar cases, Plaintiff requests that the Court enter a Temporary Restraining Order in the form submitted herewith.

Dated this 24th day of December, 2024.

> Respectfully submitted
> By: /s/ *Huicheng Zhou*
> One Park Plaza, #600
> Irvine, CA 92614
> Huicheng.zhou@aliothlaw.com
> *Attorney for Plaintiff*