**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEI & CHRIS LLC,<br><br>          Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>          Defendants. | Case No. 1:24-cv-12680<br><br>Judge: Honorable Jorge L. Alonso<br><br>Magistrate Judge: Honorable Jeannice W. Appenteng |

**DECLARATION OF CHUN KEI TANG**

I, Chun Kei Tang, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the manager of KEI & CHRIS LLC. I am knowledgeable of or have access to business records concerning all information referenced herein, including, but not limited to, Plaintiff copyrights, trademarks, other intellectual property, sales, on-line sales, advertising, marketing, and media coverage. I am intimately familiar with products and services, and with identifying infringements thereof. I make this declaration from matters within my own knowledge save where otherwise stated.

3.  Plaintiff is a Domestic Limited Liability Company (LLC) registered in Texas with its principal place of business located in Garland, Texas.

4.  Long before Defendants' acts described herein, ███████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

5.  Plaintiff began creating ████████████████████ in 2018. It resembles a███████

███████████████████████████████████ as **Exhibit 1**. This

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████. In May 2024, Plaintiff filed applications for copyright protection in the U.S. for its designs. Plaintiff's applications were granted. Attached to this Complaint as **Exhibit 1** are true and correct copies of the Certificate of Registration. Under the Certificate of Registration, the██████████████████████████████ are under copyright protection. The Registration Numbers are████████████████████ (the "Copyrighted Design"). As reflected by **Exhibit 1**, Plaintiff is the owner of the copyrights, and the copyrights are valid and enforceable.

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████



6. The intricate and unique nature of the copyrighted design has made it a frequent target for unauthorized copying and counterfeiting. As a result, Plaintiff consistently undertakes thorough investigations into suspicious e-commerce stores, both through proactive Internet sweeps and in response to consumer reports. These investigations have revealed numerous fully interactive e-commerce stores, including those operating under various Seller Aliases, that actively offer for sale and/or sell Unauthorized Ornamental Products. Plaintiff has never authorized the distribution and reproduction of its copyrighted pattern. The plaintiff made screen captures as evidence. See **Exhibit 2**.

7. I perform, supervise, and/or direct investigations into Internet-based infringement of the Copyrighted Work. Our investigation has revealed that Defendants are using Seller Aliases to sell Unauthorized Ornamental Products from foreign countries, such as China, to consumers in the United States and other regions. Efforts to contact the Defendants were

unsuccessful due to their use of these Seller Aliases, which are deliberately designed to conceal their true identities and the full scope of their operations.

8. I, or individuals under my direction, thoroughly analyzed each e-commerce store operating under the Seller Aliases and determined that Unauthorized Ornamental Products were being marketed and sold to consumers in the United States, including Illinois residents. This conclusion was based on a comprehensive review, including visual inspection of the products listed for sale, the pricing of the Unauthorized Ornamental Products, characteristics commonly associated with infringing e-commerce stores, and the fact that Defendants and their e-commerce stores have no business relationship with Plaintiff nor any authorization to copy or use the Copyrighted Work. Additionally, each e-commerce store explicitly offered shipping to the United States, including Illinois. True and accurate copies of screenshot printouts showing the active e-commerce stores operating under the Seller Aliases have been preserved as part of this investigation.

9. Operators of e-commerce stores like Defendants frequently engage in deceptive practices during the registration of Seller Aliases. They often provide false, misleading, or incomplete information to e-commerce platforms, deliberately obscuring their true identities and the full extent of their operations. This tactic is intended to hinder detection and accountability for their activities.

10. Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement. Moreover, e-commerce operators such as Defendants typically maintain offshore bank accounts and frequently transfer funds from their payment accounts to these foreign accounts. This

deliberate practice places the funds beyond the jurisdiction of courts, effectively insulating them from any monetary judgment that may be awarded to Plaintiff

11. Plaintiff's goodwill and reputation suffer irreparable harm when the Copyrighted Work is unlawfully reproduced, distributed, and displayed to the public without authorization. Such unauthorized use not only undermines the exclusivity and integrity of the Copyrighted Work but also creates confusion among consumers, leading them to associate Plaintiff's brand with inferior or counterfeit products. This erosion of trust damages brand confidence, which is critical to maintaining consumer loyalty and market competitiveness. The resulting harm includes a potential loss of future sales, diminished market share, and long-term brand devaluation.

12. The injuries to Plaintiff's reputation, goodwill, and consumer trust are inherently intangible and largely unquantifiable, making them impossible to fully compensate through monetary damages.

13. Plaintiff will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of December 2024.

> Respectfully submitted
> By: /s/ Chun Kei Tang
> Manager of KEI & CHRIS LLC.