**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **KEI & CHRIS LLC,** *Plaintiff,* v. **THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",** *Defendants.* | Civil Action No. 1:24-cv-12680 Judge Jorge L. Alonso |

**CERTAIN DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2), 12(b)(3), 12(b)(5) AND 12(b)(6).**

Defendants Alibetr, Qerlong, Omuuy, Sheens us, Magwen226, Juyanven-US, Jawontel, Hurmers, Jiahengmaoyi, YKST6688A, Qimaviuk, Juyuaer, Majuexid-US, Xzhan-US, Pinunhe, beiershuang, happysunshine, xinghewanli, shoujianyunkai, TAOTAO HAN, Darzheoy, EP Light, Vivhome, GOLIGHTS, Alfresco Living, BinFuShi, Wbecky[1], KeShDi and XIUYING Technology Co, Ltd (together, the "Moving Defendants"), respectfully submit this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6).

**I.   INTRODUCTION**

The Moving Defendants are storefronts on Amazon.com, Temu.com and Walmart.com online platforms. The Court should dismiss Plaintiff's Complaint against Defendants Alibetr, Omuuy, Sheens us, Magwen226, Jawontel, Hurmers, YKST6688A, Qimaviuk, Juyuaer, Pinunhe,

---

[1] The undersigned counsel filed an appearance for Defendant Wbecky under the store name "MAOWAPLG" because, at the time of filing, the Schedule A in this case was under seal, and counsel understood that the sued storefront was "MAOWAPLG." Plaintiff later added all defendants in this case to the docket. After communicating with Plaintiff's counsel, the undersigned now understands that the correct name for Defendant "MAOWAPLG" is actually "Wbecky." An appearance for Defendant "Wbecky" has been filed.

1

beiershuang, happysunshine, Darzheoy, BinFuShi, Wbecky and KeShDi (together, the "No Sale Defendants") as the Court lacks personal jurisdiction over them. These No Sale Defendants have never made a single sale of the accused products into the United States.

The Court should dismiss Plaintiff's Complaint against all the Moving Defendants because Plaintiff failed to identify in its Complaint which of the Moving Defendants' products have allegedly infringed Plaintiff's copyright. This type of barebone complaint is exactly what the Supreme Court cautioned against in *Twombly* and *Iqbal*.

The Court should also dismiss Plaintiff's Complaint against Defendants Alibetr, Qerlong, Omuuy, Sheens us, Magwen226, Juyanven-US, Jawontel, Hurmers, Jiahengmaoyi, YKST6688A, Qimaviuk, Juyuaer, Majuexid-US, Xzhan-US, Pinunhe, beiershuang, happysunshine, xinghewanli, shoujianyunkai, TAOTAO HAN, Darzheoy, EP Light, Vivhome, GOLIGHTS, and Alfresco Living (together, the "Improper Service Defendants") because they were not properly served. Serving defendants' counsel is not proper service in lieu of serving the defendants. Plaintiff's alleged service on the Improper Service Defendants' counsel is so defective that the Court must dismiss its Complaint against the Improper Service Defendants pursuant to Fed. R. Civ. P. 12(b)(5).

## II. LEGAL AUTHORITIES AND ARGUMENTS

### a. *The Court Lacks Personal Jurisdiction Over the No Sales Defendants.*

Personal jurisdiction may be either general or specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 126–28 (2014); *Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 878 (7th Cir. 2019). Plaintiff did not argue that this Court can exercise general jurisdiction over the No Sale Defendants. *See* Dkt. No. 1 at ¶3. Specific jurisdiction is "case-linked." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear Dunlop Tires*

*Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[T]he suit must arise out of or relate to the defendant's contacts with the forum," meaning "there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id*. (quoting *Goodyear*, 564 U.S. at 919). To establish minimum contacts that create specific personal jurisdiction in this case, the No Sale Defendants must have purposefully directed their activities at Illinois or purposefully availed themselves of the privilege of conducting business in Illinois, and Plaintiff's alleged injury must arise out of or relate to the No Sale Defendants' forum-related activities. *See Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021); *Curry v. Rev. Labs., LLC*, 949 F.3d 385, 400 (7th Cir. 2020) ("Significant caution is certainly appropriate when assessing a defendant's online contacts with a forum to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state."); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) (declining to exercise personal jurisdiction because defendant seller had not targeted Indiana "beyond simply operating an interactive website accessible in the forum state and sending emails" to potential residents); *be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market."); *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 446 (7th Cir. 2010) (finding a plaintiff cannot establish personal jurisdiction "simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website"); *Collectanea J. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 3821, 2024 U.S. Dist. LEXIS 195756, at * 12 (N.D. Ill. 2024) ("The Court agrees that … a defendant must have shipped

at least one product to Illinois to have purposefully directed its activities here.") (citing *NBA Props. v. HANWJH*, 46 F.4th 614, 625 (7th Cir. 2022)).

The No Sale Defendants made zero sale of the Accused Products in the State of Illinois. Exhibit A at ¶ 9; Exhibit B at ¶ 9; Exhibit C at ¶ 9; Exhibit D at ¶ 9; Exhibit E at ¶ 9; Exhibit F at ¶ 9; Exhibit G at ¶ 9; Exhibit H at ¶ 9; Exhibit I at ¶ 9; and Exhibit J at ¶ 9. Courts in this district have required evidence of at least one sale to Illinois to show the required minimum contracts between the defendant and Illinois. *See*, *e.g.*, *Roadget Bus. PTE. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 23 CV 16262, 2024 WL 4333289, at *3 (N.D. Ill. Sept. 27, 2024) ("Based on the unrefuted evidence before the Court, defendant no. 28 has done nothing more than offer its products for sale to residents of Illinois through its website – which is patently insufficient."); *Roblox Corp. v. Bigfinz*, No. 23 C 5346, 2023 WL 8258653, at *1 (N.D. Ill. Nov. 29, 2023) (collecting cases requiring an online retailer to have "sold at least one product in Illinois for personal jurisdiction to exist" in an infringement case); *see also Rubik's Brank, Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 20-CV-5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2020) ("[D]isplaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois. That alone cannot confer personal jurisdiction."); *Yiwu Baimei Electronic Commerce Co., v. The Partnerships and Unincorporated Associations Identified On Schedule A*, No. 24-CV-8704, Dkt. No. 260 at 2 (N.D. Ill. 2025) ("the moving Defendants have put forth sufficient evidence that they have not directed any of their activities toward or sold any allegedly infringing products to residents of Illinois. They support their motion with the declaration of Xu Lida, which explains that the Defendants never operated in Illinois,

never owned, leased, or utilized offices in Illinois, and never advertised, held a telephone listing, or maintained a bank account in Illinois.") (attached as Appendix A).

As such, it is clear that under the precedent in this Circuit, this Court lacks personal jurisdiction over the No Sale Defendants. Plaintiff's Complaint against the No Sale Defendants should be dismissed under Fed. R. Civ. P. 12(b)(2).

      b. *Venue Is Improper Against the No Sale Defendants.*

For copyright cases, venue is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "A defendant 'may be found' in any district in which he is subject to personal jurisdiction." *Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd.*, 767 F. Supp. 181, 185 (N.D. Ill. 1991). No of the No Sale Defendant reside in Illinois. Further, Courts in Illinois do not have personal jurisdiction over the No Sale Defendants. Therefore, it is axiomatic that the venue is improper regarding the No Sale Defendants and the Court dismiss them under Fed. R. Civ. P. 12(b)(3).

      c. <u>*Plaintiff's Complaint Failed to Give the Moving Defendants Sufficient Fair Notice.*</u>

To survive a Fed. R. Civ. Pro. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's Complaint failed to give the Moving Defendants such notice because it failed to point out what are the "Unauthorized Ornamental Products" that Plaintiff is claiming. Plaintiff failed to specifically identify any - not even one – the Moving Defendants' product that allegedly infringed Plaintiffs' alleged copyright in its Complaint[2]. *See generally*, Dkt Nos. 1&2. This is precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" pleading that the Supreme Court alerted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

  d. <u>*Plaintiff's Service of Process Is Defective.*</u>

A Fed. R. Civ. Pro. 12(b)(5) motion to dismiss tests the sufficiency of service of process. When a defendant challenges the sufficiency of service of process, the plaintiff must make a *prima facie* showing proper service, which allows the court to assert personal jurisdiction over the defendant. *See Trotter v. Oppenheimer & Co., Inc.*, No. 96-C-1238, 1997 WL 102531, at *2 (N.D. Ill. Mar. 4, 1997).

Plaintiff's Return of Service (Dkt. No. 35) is defective on its face. There, Plaintiff's counsel stated that he or someone working under his direction "finished sending an email that includes the Google Drive link to all the email addresses for Defendants *or* their attorneys." Dkt. No. 35-1 at ¶4 (emphasis added)[3]. "In order for service on an attorney to constitute proper service on a party,

---

[2] The Moving Defendants acknowledge that Plaintiff attached the screenshots of Moving Defendants' products as a part of its TRO motion. *See* Dkt. No. 10 to No. 10-14. However, such information is only in Plaintiff's motion, not in its Complaint. A motion under Rule 12(b)(6) challenges the sufficiency of a complaint. *Iqbal*, 556 U.S. 662, 678 (2009). A court "is not compelled to accept assertions in a brief without support in the pleadings [because,] [a]fter all, a brief is not a pleading." *Chavarriaga v. New Jersey Dep't of Corr.,* 806 F.3d 210, 218-19 (3rd Cir. 2015).

[3] It is also worth to note that although Plaintiff's counsel declared in its Return of Service that he or somebody under his direction "sent an email with a link to the website to the email addresses for Defendants identified in Exhibit A attached hereto," Dkt. No. 35 at 2, no such "Exhibit A" can be found from Plaintiff's filing.

the attorney must be specifically authorized by the defendant to perform that particular task." *Guess ?, Inc. v. Chang*, 163 F.R.D. 505, 507-08 (N.D. Ill. 1995) (citing Fed. R. Civ. P. 4(e); *Schultz v. Schultz*, 436 F.2d 635, 639-40 (7th Cir. 1971)) (other citations omitted). Indeed, as Plaintiff's counsel's own declaration admits, the Court only authorized Plaintiff to "complete service of process to Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3) by electronically publishing a link to the Complaint, Summons and other relevant document on a website by sending an email with a link to said website to an email address for each Defendant." Dkt. No. 35-1 at ¶2. The Court never authorized Plaintiff to serve defendants' counsel in lieu of any defendant in this case to perfect the service of process in this case.

The Improper Service Defendants did not authorize their attorneys of record to accept service. Exhibit A at ¶ 12; Exhibit B at ¶ 12; Exhibit C at ¶ 12; Exhibit D at ¶ 12; Exhibit E at ¶ 12; Exhibit F at ¶ 12; Exhibit G at ¶ 12; Exhibit H at ¶ 12; Exhibit I at ¶ 12; Exhibit K at ¶ 12; Exhibit L at ¶ 12; Exhibit M at ¶ 12; Exhibit N at ¶ 12; Exhibit O at ¶ 16; Exhibit P at ¶ 4; and Exhibit Q at ¶ 4. They were never properly served by Plaintiff. *See Id*. As such, it is evident that Plaintiff's service of process is insufficient. As such, the Court should dismiss Plaintiff's Complaint against the Improper Service Defendants.

### III. CONCLUSION

The No Sale Defendants merely maintained e-commerce storefronts that were accessible from all fifty states and never sold an Accused Product to a customer in the State of Illinois. To subject the No Sale Defendants to personal jurisdiction here is at odds with due process, warranting a dismissal. Any other outcome would effectively collapse the personal jurisdiction analysis on itself.

Furthermore, Plaintiff has unfairly engaged in various forms of "gamesmanship" to create undue obstacles, depriving the Moving Defendants of a fair opportunity to defend themselves. This includes, but is not limited to, filing a complaint that fails to identify the allegedly infringing products and employing a "shortcut" service of process that violates clear due process requirements. These tactics must be stopped by the Court.

For the reasons detailed above, the Moving Defendants respectfully request that the Court grants their motion to dismiss.

DATED March 5, 2025.                                      Respectfully submitted,

                                                          By: */s/ Timothy T. Wang*
                                                          Timothy T. Wang
                                                          Texas Bar No. 24067927
                                                          twang@nilawfirm.com

                                                          **NI, WANG & MASSAND, PLLC**
                                                          8140 Walnut Hill Ln., Ste. 615
                                                          Dallas, TX 75231
                                                          Tel: (972) 331-4600
                                                          Fax: (972) 314-0900

                                                          *Counsel for the Moving Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                        */s/ Timothy T. Wang*
                                        Timothy T. Wang