IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

|   |   |
|---|---|
| KEI & CHRIS LLC, | ) <br> ) Case Number: 24-cv-12680 <br> ) |
| Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) <br> ) |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) Honorable Jorge L. Alonso <br> ) <br> ) <br> ) |
| Defendants. |   |

**DEFENDANT Nicedaily's MOTION TO DISMISS**

NOW COMES Defendant Nicedaily, through counsel, and for its Motion to Dismiss for improper service and joinder, states as follows:

BACKGROUND

The Plaintiff has sued the Defendant Nicedaily for intellectual property infringement. Doc. 1. The Defendant is allegedly violating the Plaintiff's protected intellectual property rights via its online Amazon storefront. *Id*. The Court granted the Plaintiff a Temporary Restraining Order on January 7, 2025. Doc. 13. The court then granted the Plaintiff a Preliminary Injunction

against all non-appearing Defendants on February 18, 2025. Doc. 38.

As the Declaration of the Defendant's principal Yanxin Chen explains, the Defendant first became aware of this lawsuit through a notification from Amazon on January 18, 2025. *See* Declaration of Yanxin Chen attached here as Exhibit A at ¶ 5; *see also* screenshot notification from Amazon attached to Exhibit A. Although Chen engaged counsel to negotiate, Chen was never provided with any case documents or evidence, aside from settlement offers. Exhibit A at ¶¶ 6-7. Defendant eventually retained new counsel on March 5, 2025, who immediately filed an appearance and requested an extension which the Court granted a week later. *Id.*; Docs. 54, 55.

Meanwhile, on February 14, 2025, the Plaintiff submitted a proof of service, claiming that a summons, along with a Google Drive link containing case information, was sent to the Defendants on February 12, 2025. Doc. 35; Exhibit A at ¶ 8. However, Chen reviewed the email inbox and confirmed never receiving any case-related emails or notifications. Exhibit A at ¶ 8; *see also* screenshots of Chen's email records attached to Exhibit A. The Defendant then contacted Plaintiff to inform them of this discrepancy and requested proof of service, case documents, and a screenshot confirming that the summons was properly served via email. Exhibit A at ¶¶ 8-9.

2

ARGUMENT

I.    The Defendant Was Never Properly Served.

The Plaintiff must comply with Rule 4, which requires that every defendant be served with a copy of the operative complaint and summons. Fed. R. Civ. Pro. 4; *Philips Medical Systems Cleveland v. Jose Buan*, No. 1:19 CV 02648, 2021 U.S. Dist. LEXIS 77256 at *9-10 (N.D. Ill. Apr. 19, 2021). Where there has been insufficient process, the Court does not have personal jurisdiction over a defendant. *Philips Medical Systems Cleveland v. Jose Buan*, No. 1:19 CV 02648, 2021 U.S. Dist. LEXIS 77256 at *9-10 (N.D. Ill. Apr. 19, 2021). Plaintiff must show it served each defendant effectively. *Id.* at 10. If a court finds that a plaintiff has not met this burden and lacks good cause for not perfecting service, the court must either dismiss the lawsuit or specify a time within which the plaintiff should serve the defendant. *Id.*

A 12(b)(4) motion challenges the form of the process, e.g., whether the summons was addressed to the proper party. Fed. R. Civ. Pro. 12(b)(4); *Philips Medical Systems Cleveland v. Jose Buan*, No. 1:19 CV 02648, 2021 U.S. Dist. LEXIS 77256 at *9-10 (N.D. Ill. Apr. 19, 2021). Per Rule 4, a Summons must name the Court and the parties and be directed to the defendant. Fed. R. Civ. Pro. 4(a)(1)(A),(B). Next, a 12(b)(5) motion challenges Plaintiff's insufficient service of process under Rule 4. Fed. R. Civ. Pro. 12(b)(5); see *Capital Airline*

3

*Engine Leasing, LLC v. European Aviation Air Charter, Ltd.*, No. 10-3105, 2011 U.S. Dist. LEXIS 57700, at *8-9 (C.D. Ill. May 31, 2011). Rule 4 details what procedures must be followed to effectuate services. Fed. R. Civ. Pro. 4. According to Rule 4(m), plaintiff generally has 90 days to serve its pleadings. *See Papst Licensing GmbH & Co. KG v. Sunonwealth Electric Machine Ind. Co.*, 332 F. Supp. 2d 1142, 1151 (N.D. Ill. 2004). Northern District courts apply the "flexible due diligence standard" to determine whether the time limit for foreign service has expired. *Id.* The flexible due diligence standard is measured by the reasonableness of the plaintiff's effort as well as the prejudice to the defendant from any delay. *Id.*

Here, Plaintiff cannot satisfy this standard. Based on the docket and Summons issued, there is insufficient evidence that Plaintiff took all necessary steps to ensure service was properly effectuated under Rule 4. *See* Doc. 35. Plaintiff asserts it "finished sending an email that includes the Google Drive link to all the email addresses for Defendants or their attorneys." Doc. 35-1 at ¶ 4. Further, Plaintiff declared in its Return of Service that it "sent an email with a link to the website to the email addresses for Defendants identified in Exhibit A attached hereto." Doc. 35 at 2. However, there was no attachment.

Additionally, the Court only authorized Plaintiff to "complete service of process to Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3) by

4

electronically publishing a link to the Complaint, Summons and other relevant document on a website by sending an email with a link to said website to an email address for each Defendant." Doc. 35-1 at ¶2. The Court did not permit Plaintiff to serve defendants' counsel to perfect service of process. Finally, Nicedaily did not authorize its counsel to accept service.

II.    Joining Hundreds of Disparate Defendants Defies Rule 20.

The Plaintiff must comply with Federal Rule of Civil Procedure 20 when it joins several parties in the same lawsuit. Under Rule 20(a)(2), defendants may be joined in a single action if two requirements are satisfied: (1) the claims against them must be asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must be a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)-(B); *see Estee Lauder Cosmetics Ltd. v. P'ships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020).

To determine whether the rights asserted arise out of the same transaction or occurrence, courts should "consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Estee Lauder Cosmetics Ltd.*, 334 F.R.D. at 185; *quoting, Ross v. Bd. of Educ. of Twp. High Sch. Dist.*

*211*, 486 F.3d 279, 284 (7th Cir. 2007). Plaintiff bears the burden of showing that joinder is proper under Rule 20(a). *Estee Lauder Cosmetics Ltd. v. P'ships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020). Under Rule 21, this Court may drop a party if there is misjoinder. Fed. R. Civ. Pro. 21.

The Plaintiff avers that Defendants work together by selling infringing items on the same platform. But the hundreds of Defendants in this case rarely, if ever, interact, engaging in independent infringement rather than a collective effort. The absence of evidentiary overlap between the defendants thus undermines joinder. *See Bailie v. Schedule A*, 734 F. Supp. 3d 798, 804-05 (N.D. Ill. 2024). Lumping hundreds of disparate defendants in a single action also tests the limits of due process. By denying joinder and severing the defendants, each litigant can develop its own strategies, evidence, and defenses, as well as avoid the risk of guilt by association.

Further instructive is a recent ruling from Judge April Perry. Addressing an *ex parte* TRO motion, Judge Perry, *sua sponte*, rejected the joinder of 13 storefronts. *Zaful (Hong Kong) Ltd. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A*, No. 24-cv-11111, 2025 WL 71797, *6 (N.D. Ill. Jan. 10, 2025). The plaintiff could not satisfy Rule 20 by summarily alleging that sellers on the

same online platform infringed the same trademark. *Id.* Judge Perry is not alone. A slew of Northern District judges, often unprompted, are challenging joinder. *See, e.g.*, *TV Tokyo Corp. v. Schedule A Defs.,* 24-cv-4438 (N.D. Ill. June 13, 2024) (ECF 10) (Alexakis, J.); *Odesza LLC v. Schedule A Defs.,* 24-cv-1301 (N.D. Ill. Feb. 16, 2024) (ECF 11) (Aspen, J.); *Jun Fang v. Schedule A Defs.,* 24-cv-0207 (N.D. Ill. Jan. 10, 2024) (ECF 9) (Bucklo, J.); *Bailie v. Schedule A Defs.,* 24-cv-6456 (N.D. Ill. July 31, 2024) (ECF 19) (Chang, J.); *SK, LLC v. Schedule A Defs.,* No. 24-cv-2200 (N.D. Ill. Apr. 2, 2024) (ECF 15) (Coleman, J.); *Rinne Corp. v. Schedule A Defs.,* No. 23-cv-16232 (N.D. Ill. Dec. 5, 2024) (ECF 11) (Cummings, J.); *Brunett & Esnard IP, LLC v. Schedule A Defs.,* No. 24-cv-1137 (N.D. Ill. July 24, 2024) (ECF 19) (Gettleman, J.); *Marshall Amplification PLC v. Schedule A Defs.,* No. 24-cv-2767 (N.D. Ill. Apr. 11, 2024) (ECF 23) (Harjani, J.).

This case law is foreboding for Plaintiff. Here, it has corralled over 200 defendants into a single lawsuit. These defendants are from a variety of different and unique online platforms. This is a clear case of misjoinder. Plaintiff has the burden to show otherwise. Based on the facts alleged, it cannot. Defendant therefore respectfully requests that this Court drop it from this lawsuit under Rule 21.

CONCLUSION

The Court should dismiss due to improper service. Alternatively, it should dismiss for improper joinder.

March 31, 2025

Respectfully submitted,

s/ Christopher Keleher

The Keleher Appellate Law Group, LLC

1 E. Erie St., Suite 525

Chicago, IL 60611

312-448-8491

ckeleher@appellatelawgroup.com

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 31, 2025, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record.

Respectfully submitted,

s/ Christopher Keleher

Christopher Keleher
The Keleher Appellate Law Group, LLC
1 East Erie Street
Suite 525
Chicago, IL 60611
312-448-8491
ckeleher@appellatelawgroup.com