IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEI & CHRIS LLC, | Case No. 24-cv-12680 |
| Plaintiff, | **Judge Jorge L. Alonso** |
| v. | |
| THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge Jeannice W. Appenteng** |
| Defendants. | |

**JOINT STATUS REPORT**

Pursuant to this Court's Order [67], Plaintiff Kei & Chris LLC. ("Plaintiff"), Defendants Alibetr, Qerlong, Omuuy, Sheens us, Magwen226, Juyanven-US, Jawontel, Hurmers, Jiahengmaoyi, YKST6688A, Qimaviuk, Juyuaer, Majuexid-US, Xzhan-US, Pinunhe, beiershuang, happysunshine, xinghewanli, shoujianyunkai, TAOTAO HAN, Darzheoy, EP Light, Vivhome, GOLIGHTS, Alfresco Living, BinFuShi, Wbecky, KeShDi and XIUYING Technology Co, Ltd represented by Timothy T. Wang and Tong Jin ("Wang Defendants") and Defendant nicedaily (collectively, "Defendants") submit the following Status Report.

**I. Nature of the case**

**A. The basis for federal jurisdiction**

The basis for federal jurisdiction is Copyright Act, 17 U.S.C. §106.

**B. The nature of the claims**

Plaintiff claims copyright infringement committed by Defendants by selling products used Plaintiff's copyrighted design.

**C. The relief sought**

Plaintiff: Plaintiff sought injunctive relief and monetary damage.

Wang Defendants: Wang Defendants will seek reasonable attorney's fees and costs should it prevail in this lawsuit.

**D. Jury demand**

Plaintiff: There is no jury demand by Plaintiff.

Wang Defendants: Because their Motion to Dismiss is currently pending, the Wang Defendants have not yet filed an answer to Plaintiff's Complaint. However, should an answer become necessary, the Wang Defendants respectfully request a jury trial on all triable issues.

**E. The names of parties who have not yet been served**

Plaintiff: all parties were served and Plaintiff refer its arguments to its Response to Motion to Dismiss.

Wang Defendants: Defendants Alibetr, Qerlong, Omuuy, Sheens us, Magwen226, Juyanven-US, Jawontel, Hurmers, Jiahengmaoyi, YKST6688A, Qimaviuk, Juyuaer, Majuexid-US, Xzhan-US, Pinunhe, beiershuang, happysunshine, xinghewanli, shoujianyunkai, TAOTAO HAN, Darzheoy, EP Light, Vivhome, GOLIGHTS, and Alfresco Living (together, the "Improper Service Defendants") have not been properly served. *See* Dkt. No. 48 at 6-7 (Motion to Dismiss based on improper service).

**II. Discovery and Pending Motions**

**A. Pending motions**

Motion by Plaintiff for preliminary injunction [31] in partial against certain defendants is pending.

Motion to dismiss by the Wang Defendants [48] is pending.

Motion to dismiss by Defendant nicedaily [79] is pending.

**B. Proposal for discovery plan**

Wang Defendants: the Wang Defendants object to submitting a discovery plan at this point. Their Motion to Dismiss is based on, *inter alia*, the Court lacks personal jurisdiction over some of them. *See Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1927 (7th Cir. 1993) (participating fully in litigation on merits for over two years resulted in waiver on challenges on jurisdiction); *Central States Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 947 (7th Cir. 2000) (affirming district court's stay of "wide-ranging discovery" while jurisdictional motion pending); *see also Fabara v. GoFit, LLC*, 308 F.R.D. 380, 393 (D.N.M. 2015), *as amended* (Aug. 20, 2015) (collecting cases).

Nicedaily echoes and adopts the position of the Wang Defendants.

Initial Disclosures

~~The parties will complete by May 14, 2025 the initial disclosures required by Rule 26(a)(1).~~

Wang Defendants: the Wang Defendants object to submitting a discovery plan at this point.

Nicedaily echoes and adopts the position of the Wang Defendants.

Disclosures and Discovery Pursuant to Relevant Rules

The parties acknowledge that the requirements of the Rule 26 of the Federal Rules of Civil Procedure and Local Rule 26.1 of the Northern District of Illinois may apply to this case.

Case Management Schedule

Plaintiff propose a case management schedule set forth in Exhibit 1.

Wang Defendants: the Wang Defendants object to submitting a discovery plan at this time. They further object to Plaintiff's proposed case management schedule as attached. Plaintiff first contacted the Wang Defendants regarding a proposed schedule on April 14, 2025, which did not provide sufficient time for the Wang Defendants' counsel to confer with their clients regarding the proposal. The Court's rules require "At least 14 days before the initial status hearing, the parties shall meet to discuss the nature and basis of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, and the arrangements for making Rule 26(a)(1) disclosures. Plaintiff is responsible for initiating such a meeting, and all parties are required to attend."

https://www.ilnd.uscourts.gov/judge_display.php?LastName=Alonso. To date, Plaintiff has not initiated such a meeting, aside from sending the proposed case management schedule to the Wang Defendants' counsel via email on April 14, 2025.

Nicedaily echoes and adopts the position of the Wang Defendants.

### III. Settlement and other issues

The parties have engaged in settlement discussions.

~~The parties do not request a settlement conference at this time before the Court.~~

Wang Defendants: the Wang Defendants have engaged in settlement discussions with Plaintiff. However, such discussions have not been productive. The Wang Defendants would like to request a settlement conference before the Court.

Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

Wang Defendants: the Wang Defendants contend that expert discovery shall be conducted in accordance with the Federal Rules of Civil Procedure, including but not limited to Rule 26(a)(2).

Nicedaily echoes and adopts the position of the Wang Defendants.

In responding to discovery requests, each party shall construe broadly terms of art used e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

Wang Defendants: because this is a copyright case, none of Plaintiff's statements in this section regarding the "patent field" are applicable.

Nicedaily echoes and adopts the position of the Wang Defendants.

The parties do not unanimously consent to proceed before the assigned Magistrate Judge.

Dated: April 14, 2025

                                                                  Respectfully submitted
By: /s/ *Huicheng Zhou*
One Park Plaza, #600
Irvine, CA 92614
Huicheng.zhou@aliothlaw.com
*Attorney for Plaintiff*